UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.  18-12426-WHD |
| DAVID SANDLER, | ) | |
| KAREN JOAN SANDLER | ) | CHAPTER  7 |
|     Debtor. | ) | |
| | ) | JUDGE  W. HOMER DRAKE |
| _____ | ) | |
| THE BANK OF NEW YORK MELLON | ) | CONTESTED MATTER |
| TRUST COMPANY, N.A., AS INDENTURE | ) | |
| TRUSTEE OF THE GMACM HOME EQUITY | ) | |
| LOAN-BACKED CERTIFICATES, SERIES | ) | |
| 2007-HE2, | ) | |
|     Movant, | ) | |
| v. | ) | |
| | ) | |
| DAVID SANDLER AND | ) | |
| KAREN JOAN SANDLER, Debtors, | ) | |
| AND THEO DAVIS MANN, Trustee, | ) | |
| | ) | |
|     Respondents. | ) | |

NOTICE OF HEARING

NOTICE IS HEREBY GIVEN that a motion for relief from the automatic stay has been filed in the above-styled case by Movant. In the event a hearing cannot be held within thirty (30) days from the filing of the motion for relief from the automatic stay as required by 11 U.S.C. § 362, Movant waives this requirement and agrees to the next earliest possible date, as evidenced by signature below. If a final decision is not rendered by the Court within sixty (60) days of the date of the request, Movant waives the requirement that a final decision be issued within that period. **The undersigned consents to the automatic stay (and any related co-debtor stay) remaining in effect with respect to Movant until the court orders otherwise.**

**Hearing will be held on the 28th day of March, 2019, at 9:00 a.m., 2nd Floor Courtroom, at the Lewis R. Morgan Federal Building and United States Courthouse, 18 Greenville Street, Newnan, GA 30263.**

Within three days of the date of this notice, Movant's attorney, or a pro se Movant, shall serve the motion and this notice upon the debtors, trustee, and their attorneys of record, and shall file a certificate of service within three days of service. BLR 9007-2 NDGA.

Your rights may be affected by the court's ruling on these pleadings.  You should read these pleadings carefully and discuss them with your attorney, if you have one.  If you do not have an attorney, you may wish to consult one.  If you do not want the court to grant the relief sought in

these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing.  You may also file a written response to the pleadings with the Clerk of Court at the address below, with a copy to the Movant and the Trustee, but you are not required to do so.  If you file a written response, you must attach a certificate stating when, how and to whom you served the response, and include the addresses.  Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing.  Mail to: Clerk, You must also mail a copy of your response to the undersigned at the address stated below.

Clerk's address – United States Bankruptcy Court, 18 Greenville Street, 2nd Floor, Newnan, GA 30263.

If a final decision is not rendered by the Court within sixty (60) days of the date of the request, Movant waives the requirement that a final decision be issued within that period.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting relief.**

This notice is sent by the undersigned pursuant to LBR 9004-1(6).

DATE: ___February 27, 2019___          /s/ Joshua M. Ryden
                                       Joshua M. Ryden, GBN 140502
                                       Padgett Law Group
                                       6267 Old Water Oak Road
                                       Suite 203
                                       Tallahassee, FL 32312
                                       (850) 422-2520 (telephone)
                                       (850) 422-2567 (fax)
                                       Josh.Ryden@padgettlawgroup.com
                                       *Attorney for Movant*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.     18-12426-WHD |
| DAVID SANDLER, | ) | |
| KAREN JOAN SANDLER, | ) | CHAPTER     7 |
| | ) | |
| Debtors. | ) | JUDGE W. HOMER DRAKE |
| _____ | ) | |
| THE BANK OF NEW YORK MELLON | ) | CONTESTED MATTER |
| TRUST COMPANY, N.A., AS INDENTURE | ) | |
| TRUSTEE OF THE GMACM HOME EQUITY | ) | |
| LOAN-BACKED CERTIFICATES, SERIES | ) | |
| 2007-HE2, | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | |
| | ) | |
| DAVID SANDLER AND | ) | |
| KAREN JOAN SANDLER, Debtors | ) | |
| AND THEO DAVIS MANN, Trustee, | ) | |
| | ) | |
| Respondents. | ) | |

MOTION TO MODIFY AUTOMATIC STAY
AND WAIVER OF THE 30-DAY REQUIREMENT OF 11 U.S.C. § 362(e)

COMES NOW, The Bank of New York Mellon Trust Company, N.A., as Indenture Trustee
of the GMACM Home Equity Loan-Backed Certificates, Series 2007-HE2 ("Movant" herein), a
secured creditor and/or party in interest in the above-captioned matter, and respectfully shows the
Court as follows:

1.

This Motion is made pursuant § 362(d) of the Bankruptcy Code for relief from the
automatic stay for all purposes allowed under applicable law and the contract between the parties,
including, but not limited to, the right to foreclose on certain real property by private power of sale
contained in a certain Security Deed pursuant to the underlying loan documents and applicable

state law.

2.

The Debtors filed a petition under Chapter 7 of the Bankruptcy Code on November 21,

2018.

3.

The Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157

and 1334 and 11 U.S.C. § 362.

4.

Theo Davis Mann is the duly designated Chapter 7 Trustee.

5.

Movant is the servicer of a loan secured by certain real property in which David Sandler

and Karen Joan Sandler (herein "Debtors") have an interest, commonly known as 7764

Montgomery Avenue, Elkins Park, PA 19027-2612 (the "Contract"), by virtue of a Note, and a

copy of which is attached under **Exhibit A**, by virtue of a Mortgage (the "Property") executed by

Debtor David Sandler, attached hereto as **Exhibit B**. The Property is in the names of Debtors and

Debtors are liable on the Contract.

6.

As of February 21, 2019, Debtors are in default to Movant in the amount of $2,520.15,

as represented below:

| Next Pmt | Due Less Late | P&I | Principal | Interest | Late | Ins | Adv |
|----------|---------------|--------|-----------|----------|------|--------|-----|
| 05/01/18 | 30 | 0 | 0 | 0 | 0 | 0 | 0 |
| 10/01/18 | 469.05 | 469.05 | 0 | 0 | 0 | 0 | 0 |
| 11/01/18 | 469.83 | 469.83 | 0 | 0 | 0 | 0 | 0 |
| 12/01/18 | 469.83 | 469.83 | 0 | 0 | 0 | 0 | 0 |
| 01/01/19 | 469.83 | 469.83 | 0 | 0 | 0 | 0 | 0 |
| 02/01/19 | 611.61 | 469.83 | 0 | 0 | 0 | 141.78 | 0 |
| | 2520.15 | | | | | | |

Therefore, Movant is not receiving payments on the account and the Property is depreciating in value. The stay should be terminated for cause, including the lack of adequate protection of an interest in the Property of Movant, pursuant to 11 U.S.C § 362(d)(1).

7.

There is no equity in the Property and it is not necessary for an effective reorganization of the Debtor. Debtor's Schedule D values the Property at $72,000.00.

8.

As of February 21, 2019, the total unpaid principal balance is $37,334.73 and the loan balance is $41,436.41.

9.

Movant, by and through undersigned counsel, waives the requirement of 11 U.S.C. § 362(e) and agrees that, if a hearing cannot be held within thirty (30) days from the filing of this Motion, said hearing shall be set on the next available date.

10.

Because of the default and clear inability of Debtors to make all required contractual payments, Movant is not adequately protected. Movant's interest in the Property would be irreparably harmed by the continuation of the automatic stay. The possibility of equity above the indebtedness, would not constitute adequate protection as contemplated by the Bankruptcy Code which does not provide for Debtors to enjoy the use of the Property without complying with the terms of the confirmed Plan.

11.

Because the loan documents so provide, Movant is entitled to reasonable attorney's fees and costs of $1,031.00 incurred in bringing this motion.

12.

Movant requests that the provisions of Fed. R. Bankr. P 4001(a)(3) be waived, and that in the event the automatic stay is terminated as to the Property by order of the court and the case subsequently converts to another bankruptcy chapter, that the stay relief order remains in effect

13.

Movant requests that on entry of an Order granting this Motion and modifying the automatic stay that the Chapter 7 Trustee make no further payments on account of Movant's secured claim, and that the secured portion of Movant's claim be deemed withdrawn without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Movant consents to return to the Chapter 7 Trustee any payments received from Trustee on account of Movant's secured claim after entry of an Order modifying the automatic stay on the Property.

14.

Movant is without sufficient information to form a belief whether there are additional liens on the Property or to determine the amount of any encumbrances that may consume any available equity in the Property. Debtors' Schedules indicate that there are additional liens on the Property. Movant's loan balance, along with costs of sale render little or no equity in the Property to benefit the estate.

15.

Movant asserts that there is no additional Property for its loan that can be foreclosed upon.

16.

Should stay relief be granted as to the Property, Movant pursuant to terms of the Contract may foreclose its security interest and seek possession of the Property.

17.

Movant requests that if the stay is modified that Movant be permitted to contact Debtors and/or Debtors' counsel, as appropriate, through its agents, servicers and representatives for the purpose to enter into discussion and consideration of loss mitigation options, as relating to the loan documents. Movant asserts that Debtors and their counsel are responsible for filing any court documents required for approval of any such agreement that may arise from such discussions.

18.

Pursuant to applicable local rules and O.C.G.A. § 44-14-162.2, the name of the person or entity who has full authority to negotiate, amend or modify the terms of the aforementioned indebtedness is: Ditech Financial LLC, P.O. Box 6154, Rapid City, SD 55709-6154; 888-298-7785.

WHEREFORE, Movant moves this Court for an Order, after Notice and Hearing, terminating the automatic stay as to Movant and the Property so that Movant (and any successors or assigns) may take any and all steps under non-bankruptcy law necessary to exercise any and all rights it may have under the law and its loan documents; to enforce its remedies to foreclose upon and obtain possession of the Property; waiving the right to a hearing within thirty (30) days as provided by 11 U.S.C. § 362(e); that provides that Trustee make no further payments on account of Movant's secured claim; that awards Movant its reasonable fees and costs for this Motion; that pursuant to 11 U.S.C. § 362 directs Trustee to abandon the Property; waiving the provisions of Fed. R. Bankr. P. 4001(a)(3); exempting Movant from further compliance with Fed. Rule Bankr. P. 3002.1 in the instant bankruptcy case; that permits Movant to contact Debtors or Debtors' counsel, through its agents, servicers and representative for the purpose of engaging in discussions and consideration for possible loss mitigation options; and for such other and further relief as the Court deems just and appropriate.

RESPECTFULLY SUBMITTED this  27th day of   February      , 2019.

/s/  *Joshua M. Ryden*
Joshua M. Ryden, GBN 140502
Padgett Law Group
6267 Old Water Oak Rd, Ste. 203
Tallahassee, FL 32312
(850) 422-2520
Josh.Ryden@padgettlawgroup.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.    18-12426-WHD |
| DAVID SANDLER, | ) | |
| KAREN JOAN SANDLER, | ) | CHAPTER    7 |
| | ) | |
| Debtors. | ) | JUDGE W. HOMER DRAKE |
| _____ | ) | |
| THE BANK OF NEW YORK MELLON | ) | CONTESTED MATTER |
| TRUST COMPANY, N.A., AS INDENTURE | ) | |
| TRUSTEE OF THE GMACM HOME EQUITY | ) | |
| LOAN-BACKED CERTIFICATES, SERIES | ) | |
| 2007-HE2, | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | |
| | ) | |
| DAVID SANDLER AND | ) | |
| KAREN JOAN SANDLER, Debtors | ) | |
| AND THEO DAVIS MANN, Trustee, | ) | |
| | ) | |
| Respondents. | ) | |

CERTIFICATE OF SERVICE

I, the undersigned, an attorney with Padgett Law Group, certify that I am, and at all times hereinafter mentioned was more than 18 years of age; and

That on the __27th___ day of __February____, 2019, I served a copy of the within Notice of Hearing and *Motion for Relief from Stay and Waiver of the 30-Day Requirement of 11 U.S.C. § 362(e),* filed herein, by first class U.S. Mail with adequate prepaid postage, or electronically via e-mail, to said respondents in this bankruptcy matter as follows:

**By U.S. First Class Mail**

***Debtor***

David Sandler
13 Oak Street
Manchester, GA 31816

Karen Joan Sandler
13 Oak Street
Manchester, GA 31816

**By Electronic Service**

*<u>Attorney for Debtors</u>*

Charles E. Nye
Deming, Parker, Hoffman,
Campbell & Daly, LLC
4851 Jimmy Carter Blvd.
Norcross, GA 30093

*<u>Trustee</u>*

Theo Davis Mann
28 Jackson Street
P. O. Box 310
Newnan, GA 30264-0310

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND
CORRECT.

Executed On: __February 27, 2019_____ ___        By: /s/ Joshua M. Ryden_____
                                                     Joshua M. Ryden, GBN 140502

**EXHIBIT A**

## NOTE

May 18, 2007                    Elkins Park                              PA
*Date*                                          *City*                                      *State*

7764 Montgomery Avenue, Elkins Park, PA  19027-2612
*Property Address*                              *City*                          *State*          *ZIP Code*

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 61,400.00        (this amount will be called ''principal''), plus interest, to the order of the Lender. The Lender is GMAC Mortgage, LLC

. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the ''Note Holder.''

**2. INTEREST**

I will pay interest at a yearly rate of 7.900        %.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

**3. PAYMENTS**

I will pay principal and interest by making payments each month of U.S. $469.83        .

I will make my payments on the First        day of each month beginning on July 1st        , 2007        . I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on June 1, 2032        , I still owe amounts under this Note, I will pay all those amounts, in full, on that date.

I will make my monthly payments at 17595 Harvard Ave C1002, Irvine, CA  92614

or at a different place if required by the Note Holder.

**4. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any of my monthly payments by the end of Fifteen        calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000        % of my overdue payment, but not less than U.S. $20.00        and not more than U.S. $20.00        . I will pay this late charge only once on any late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment by the date stated in Section 3 above, I will be in default.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described below, the Note Holder will still have the right to do so if I am in default at a later time.

**(C) Notice from Note Holder**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or, if it is not mailed, 30 days after the date on which it is delivered to me.

**(D) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**5. THIS NOTE SECURED BY A MORTGAGE**

In addition to the protections given to the Note Holder under this Note, a Mortgage, dated May 18, 2007        , protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

| PENNSYLVANIA - SECOND MORTGAGE |
| --- |

Initials: _DJ_

## 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

## 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

## 9. ARBITRATION.

**THIS NOTE PROVIDES THAT EXCEPT AS DETAILED IN THIS PARAGRAPH, ALL CLAIMS (AS DEFINED BELOW) WILL BE RESOLVED BY BINDING ARBITRATION. BY SIGNING THIS NOTE, THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT TO LITIGATE THE CLAIM IN COURT, PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OR CLAIMANTS PERTAINING TO ANY CLAIM SUBJECT TO ARBITRATION OR HAVE A JURY TRIAL FOR CLAIMS THAT ARE SUBJECT TO ARBITRATION.**

(a)   **AGREEMENT TO ARBITRATE CLAIMS.**   Any claim, dispute, or controversy (collectively "Claim") between the Note Holder and me except those listed below in Paragraph b below including but not limited to those arising out of this Note, Mortgage and/or Deed of Trust (collectively "Security Instrument"), my application, advertisements, servicing and collection of this Note, any outstanding balance, insurance products or services, as well as any other disclosure or document related to the Security Instrument shall exclusively be resolved by BINDING ARBITRATION by an arbitrator of the American Arbitration Association ("AAA") in accordance with (i) the Federal Arbitration Act; (ii) the Expedited Procedures of the Commercial Rules of the AAA and (iii) this Paragraph. The term Claim shall be given the broadest possible meaning. The terms of this paragraph shall control any inconsistency between the arbitration rules and this Paragraph. I may obtain a copy of the arbitration rules by writing the AAA at American Arbitration Association 335 Madison Avenue 10th Floor New York, NY 10017-4605. An action to compel arbitration may be brought at any time even after a Claim has been commenced or raised in a court of law or equity or the Note has been paid in full. At my written request the Note Holder will pay all fees up to $1,000 for the AAA's cost of the arbitration of the Claim. If the cost of the AAA arbitration exceeds $1000 the parties will share the excess cost equally unless otherwise ordered by the AAA because my costs in pursing the arbitration would be prohibitive. Unless inconsistent with applicable law each party shall pay his/her own attorney, expert and witness fees and expenses.

(b)   **CLAIMS EXCLUDED FROM JURISDICTION.**   The following actions shall not be subject to arbitration: any foreclosure action; any action to obtain possession of the property securing the Note; any action for prejudgment injunctive relief or appointment of receiver(s). In addition, the Note Holder agrees that it will not require me to arbitrate an individual Claim brought against the Note Holder in small claims court or my state's equivalent court, if any; however, if that Claim is transferred or appealed to a different court, the Note Holder reserves the right to require arbitration under this Paragraph.

(c)   **JUDGMENT and ADDITIONAL TERMS.**   An arbitration award shall be final and may be entered as a judgment in any court having jurisdiction, except that if the amount in controversy exceeds $10,000 either party may appeal the arbitrator's award to a three-arbitrator panel of the AAA which shall re-consider de novo any aspect of the initial award. The costs of such appeal will be borne by the appealing party regardless of the outcome of the appeal. I agree that any arbitration proceeding will only consider my Claims. Claims by or on behalf of other borrowers, co-borrowers, co-signers, sureties or applicants will not be arbitrated in any proceeding that is considering my Claim.

Initials: _PJ_

This Paragraph shall survive any termination of this Note or the Security Instrument including but not limited to repayments of amounts owed on this Note and an event of default. If any portion of this arbitration provision is deemed invalid or unenforceable, this shall not invalidate the remaining portions of the arbitration provision or the Note.

**10. RESPONSIBILITY OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

_____ (Seal)
David Sandler                                                            -Borrower

_____ (Seal)
                                                                              -Borrower

_____ (Seal)
                                                                              -Borrower

_____ (Seal)
                                                                              -Borrower

*(Sign Original Only)*

PAY TO THE ORDER OF
GMAC MORTGAGE, LLC
WITHOUT RECOURSE

D. CHIODO
ASSISTANT SECRETARY
GMAC BANK

PAY TO THE ORDER OF
GMAC BANK
WITHOUT RECOURSE

D. HARKNESS
LIMITED SIGNING OFFICER
GMAC MORTGAGE, LLC f/k/a
GMAC MORTGAGE CORPORATION

PAY TO THE ORDER OF

WITHOUT RECOURSE

D. HARKNESS
LIMITED SIGNING OFFICER
GMAC MORTGAGE, LLC f/k/a
GMAC MORTGAGE CORPORATION



\*SANDLER\*

Prepared by and Return To
Vignesh Gnanasekar
Ditech Financial LLC
**RC BK JL**
2100 E. Elliot Road
Mail Stop T330
Tempe, AZ 85284
(888) 315-8733

## ASSIGNMENT OF MORTGAGE
**Pennsylvania**

Account:

PIN #:
MERS MIN #:
MERS Phone #:

**FOR VALUE RECEIVED, Mortgage Electronic Registration Systems, Inc. ("MERS")**, as nominee for **GMAC Mortgage, LLC**, its successors and assigns, whose address is 1901 E Voorhees St., Suite C, Danville, IL 61834; P.O. Box 2026, Flint, MI 48501-2026, hereby assigns and transfers to **The Bank of New York Mellon Trust Company, N.A., as Indenture Trustee of the GMACM Home Equity Loan-Backed Certificates, Series 2007-HE2**, its successors and assigns, whose address is **c/o 2100 E. Elliot Rd., T-314, Tempe, AZ 85284**, all its rights, title and interest in and to a certain Mortgage described below.

| | |
|---|---|
| **Mortgage Executed By:** | David Sandler and Karen J. Sandler, Husband and Wife |
| **Mortgage Date:** | May 18, 2007 |
| **Original Principal Sum** | $61,400.00 |
| **Recorded Date** | June 5, 2007 |
| **Book/Page/Document Number:** | MTG BK:12128 PG:02755 INSTR# 2007067712 |
| **Property Street Address:** | 7764 Montgomery Avenue, Elkins Park, PA 19027 |
| **County:** | Montgomery |
| **State:** | PA |

**TO HAVE AND TO HOLD** the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

**IN WITNESS WHEREOF**, the undersigned Assignor has executed this Assignment of Mortgage on **JAN 0 8 2019**

Assignment of Mortgage
Page 1

Witness: Diana Langbartels

Witness: Diana Lussardi

**Mortgage Electronic Registration Systems, Inc. ("MERS")**

By: _____

Name: _____ Edward Born _____

Title: Assistant Vice President

State of ARIZONA

County of MARICOPA

JAN 0 8 2019

On _____, before me, the undersigned, personally appeared
_____ Edward Born _____, Assistant Vice President for **Mortgage Electronic Registration Systems, Inc.**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument and that such individual made such appearance before the undersigned in the City of Tempe, State of Arizona.

Notary Public

**Tami Wycoff
Notary Public
Maricopa County, AZ
Expires March 4, 2022**

I hereby certify that the address of the within named assignee is:

**c/o 2100 E. Elliot Rd., T-314, Tempe, AZ 85284**

Bryent Armentrout

Account: ███████████

Assignment of Mortgage
Page 2

# EXHIBIT "A"

ALL THAT PARCEL OF LAND IN TOWNSHIP OF CHELTENHAM, MONTGOMERY COUNTY, COMMONWEALTH OF PENNSYLVANIA, AS MORE FULLY DESCRIBED IN DEED BOOK 5329, PAGE 794, ID# , BEING KNOWN AND DESIGNATED AS LOT 31001 1930, METES AND BOUNDS PROPERTY.

PARCEL # ▮▮▮▮▮▮▮▮

ALL THAT CERTAIN LOT OR PIECE OF LAND KNOWN AS 7764 MONTGOMERY AVE , ELKINS PARK, COUNTY OF MONTGOMERY AND COMMONWEALTH OF PA

DEED FROM GEORGE E. THOMAS BY HIS ATTY IN FACT MARGARET ANN BEAN DATED 2/1/00 AND HELEN M. THOMAS BY HER ATTY IN FACT MARGARET ANN BEAN DATED 2/1/00, HUSBAND AND WIFE AS SET FORTH IN DEED BOOK 5329, PAGE 794 DATED 07/14/2000 AND RECORDED 08/30/2000, MONTGOMERY COUNTY RECORDS, COMMONWEALTH OF PENNSYLVANIA.

RECORDER OF DEEDS
MONTGOMERY COUNTY
*Nancy J. Becker*



One Montgomery Plaza
Swede and Airy Streets ~ Suite 303
P.O. Box 311 ~ Norristown, PA 19404
Office: (610) 278-3289 ~ Fax: (610) 278-3869

**MTG BK 12128 PG 02755 to 02764**
INSTRUMENT # : 2007067712
RECORDED DATE: 06/05/2007 09:23:37 AM



0135887-0006V

**MONTGOMERY COUNTY ROD**

| OFFICIAL RECORDING COVER PAGE | | Page 1 of 10 |
|---|---|---|
| **Document Type:** Mortgage | **Transaction #:** | 99118 - 1 Doc(s) |
| **Document Date:** 05/18/2007 | **Document Page Count:** | 9 |
| **Reference Info:** SANDLER | **Operator Id:** | gbrown |

| **RETURN TO:** (Mail) | **SUBMITTED BY:** |
|---|---|
| HOME CONNECTS | HOME CONNECTS |
| 200 LAKESIDE DRIVE | 200 LAKESIDE DRIVE |
| SUITE 248 | SUITE 248 |
| HORSHAM, PA 19044 | HORSHAM, PA 19044 |

**\* PROPERTY DATA:**

Parcel ID #:  31-00-19330-00-7
Address:  7764 MONTGOMERY AVE

  PA
  19027

Municipality:
School District:

**\* ASSOCIATED DOCUMENT(S):**

| **FEES / TAXES:** | | MTG BK 12128 PG 02755 to 02764 |
|---|---|---|
| Recording Fee:Mortgage | $46.50 | Recorded Date: 06/05/2007 09:23:37 AM |
| Additional Pages Fee | $10.00 | |
| Affordable Housing Pages | $10.00 | I hereby CERTIFY that |
| **Total:** | **$66.50** | this document is recorded in the Recorder of Deeds Office in Montgomery County, Pennsylvania. |



Nancy J. Becker
Recorder of Deeds

# PLEASE DO NOT DETACH
## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

**NOTE: If document data differs from cover sheet, document data always supersedes.**
**\*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.**

# EXHIBIT B

~~Prepared By:~~
~~Jodie Boyd~~

~~7 Carnegie Plaza, Cherry Hill, NJ~~
~~08003~~
~~(800) 876-4622~~
~~Return To:~~
~~GMAC Mortgage, LLC~~

~~7 Carnegie Plaza, Cherry Hill, NJ~~
~~08003~~

~~(800) 876-4622~~
Parcel Number:
7764 Montgomery Avenue
Premises: Elkins Park, PA 19027-2612

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
31-00-19330-00-7   CHELTENHAM
7764 MONTGOMERY AVE
SANDLER KAREN J & DAVID                    $5.00
B 039  U 026  L  1101 DATE: 05/29/2007      BR

Prepared By And Return To:
John Wesley MPD/EE
Node Connects Lending Services
200 Lakeside Drive
Suite 248
Horsham, PA 19044

─────────── [Space Above This Line For Recording Date] ───────────

# MORTGAGE

MIN ███████████

THIS MORTGAGE is made this  18  day of May, 2007           , between the Mortgagor,
David Sandler and Karen J. Sandler, Husband and Wife

(herein "Borrower"), and the Mortgagee,
Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter
defined, and Lender's successors and assigns). MERS is organized and existing under the laws of
Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel.
(888) 679-MERS. GMAC Mortgage, LLC

("Lender") is organized and existing under the laws of Delaware
and has an address of 7 Carnegie Plaza, Cherry Hill, NJ   08003

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $ 61,400.00             ,
which indebtedness is evidenced by Borrower's note dated  05/18/2007                      and

**PENNSYLVANIA** - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS

VMP®-76N(PA) (0508).01       Form 3839
                            Amended 6/02
Page 1 of 8            Initials: _____
       VMP Mortgage Solutions, Inc.

' RECEIVED MAY 2 9 2007

extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on June 1, 2032                              ;

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in the County of Montgomery                              ,
State of Pennsylvania:
see attached legal description

which has the address of 7764 Montgomery Avenue                              [Street]
Elkins Park                              [City], Pennsylvania 19027-2612 [ZIP Code]
(herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Mortgage; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Mortgage.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and

VMP -76N(PA) (0608).01                              Page 2 of 8                              Initials: ___ ___    Form 3839

assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals

thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

VMP®-76N(PA) (0508).01          Page 4 of 8          Initials: _____          Form 3839

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies. Upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided by applicable law specifying, among other things: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees, and costs of documentary evidence, abstracts and title reports.**

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to at least one hour before the commencement of bidding at a sheriff's sale or other sale pursuant to this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bond and reasonable attorneys' fees, and then to the sums secured by this Mortgage. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Release.** Upon payment of all sums secured by this Mortgage, Lender shall discharge this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.

**21. Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate stated in the Note.

### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

    Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

    IN WITNESS WHEREOF, *Borrower* has executed this Mortgage.

Witnesses:

_____

_____ (Seal)
David Sandler                                    -Borrower

_____

_____ (Seal)
Karen J. Sandler                                 -Borrower

_____ (Seal)          _____ (Seal)
-Borrower                                                        -Borrower

_____ (Seal)          _____ (Seal)
-Borrower                                                        -Borrower

_____ (Seal)          _____ (Seal)
-Borrower                                                        -Borrower

*(Sign Original Only)*

**COMMONWEALTH OF PENNSYLVANIA,** *MONTGOMERY* **County ss:**

On this, the *18* day of *MAY* *2007* , before me, the undersigned officer, personally appeared

*DAVID SANDLER*

*KAREN J. SANDLER*

known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My Commission Expires:

_____
Title of Officer

> NOTARIAL SEAL
> Barbara A. Culliney, Notary Public
> Hatboro Boro., Montgomery County
> My commission expires October 17, 2007

**Certificate of Residence**

I, ~~Jodie Boyd~~ *Aja Brisbane* , do hereby certify that the correct address of the within-named Mortgagee is P.O. Box 2026, Flint, MI 48501-2026.

Witness my hand *this* 18        day of May 2007

_____
*Aja Brisbane*        Agent of Mortgage

VMP-76N(PA) (0508).01                Page 8 of 8        Initials: _____ Form 3839

**Exhibit A (Legal Description)**

ALL THAT PARCEL OF LAND IN TOWNSHIP OF CHELTENHAM, MONTGOMERY COUNTY, COMMONWEALTH OF
PENNSYLVANIA, AS MORE FULLY DESCRIBED IN DEED BOOK 5329, PAGE 794, ID# , BEING KNOWN AND
DESIGNATED AS LOT 310011930, METES AND BOUNDS PROPERTY.

PARCEL # █████████  \

ALL THAT CERTAIN LOT OR PIECE OF LAND KNOWN AS 7764 MONTGOMERY AVE , ELKINS PARK, COUNTY OF
MONTGOMERY AND COMMONWEALTH OF PA

DEED FROM GEORGE E. THOMAS BY HIS ATTY IN FACT MARGARET ANN BEAN DATED 2/1/00 AND HELEN M.
THOMAS BY HER ATTY IN FACT MARGARET ANN BEAN DATED 2/1/00, HUSBAND AND WIFE AS SET FORTH IN
DEED BOOK 5329, PAGE 794 DATED 07/14/2000 AND RECORDED 08/30/2000, MONTGOMERY COUNTY RECORDS,
COMMONWEALTH OF PENNSYLVANIA.